■ CAROL L. MURPHY, Respondent, v WILLIAM J. MURPHY, Appellant.—Order unanimously reversed on the law without costs and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Plaintiff wife commenced a proceeding in Supreme Court seeking arrearages allegedly owing by defendant for support pursuant to an earlier divorce decree. Defendant opposed this request. The court, at the request of plaintiff's attorney, referred the matter to a Referee to hear and report. The order of reference specifically required the Referee to hold a hearing on the issues raised by the petition. CPLR 4320 (a) provides that "[a] Referee to report shall conduct the trial in the same manner as a court trying an issue without a jury". CPLR 4320 (b) provides that the Referee must file "a transcript of the testimony" with the Referee's report.

Prior to the hearing before the Referee the attorneys were advised that there would be no court reporter available to transcribe the proceeding. Upon inquiry by defendant's attorney to the court expressing concern over proceeding with the hearing without transcription, the court responded that no court reporters were available for the purpose of the hearing and that "you can either supply a reporter as between the lawyers as a disbursement or go without". Defendant declined to pay for a stenographer and also declined to appear at the scheduled hearing. Based upon written submissions of the parties the Referee proceeded to submit a report to the court finding that defendant was in arrears in his support payments. Defense counsel filed objections to the report, again alleging that an appropriate hearing was never conducted due to the absence of a court-appointed stenographer. Without holding any further proceedings the court confirmed the Referee's report. This was error.

The only way a Referee can comply with the above-quoted statutory mandates is to have a court-appointed stenographer available to transcribe the hearing. We know of no authority which requires the parties to a matter referred by a court to a Referee to either pay for their own stenographer or go without. Also, it is difficult to conceive how the court could review the Referee's proposed findings of fact following an alleged hearing that was not recorded. Such a procedure precludes any effective appellate review of the matter. (Appeal from

order of Supreme Court, Erie County, Mintz, J.—arrearages.) Present—Dillon, P. J., Doerr, Green, Pine and Lawton, JJ.