■ LESTER R. SHULTIS et al., Respondents, v WOODSTOCK LAND DEVELOPMENT ASSOCIATES et al., Defendants, and G & G MORTGAGE INVESTORS, Appellant. [599 NYS2d 340] —Mahoney, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered November 9, 1992 in Ulster County, which, *inter alia,* granted plaintiffs' motion for an order of foreclosure and sale of certain property mortgaged to plaintiffs.

In this case, our review is sought of yet another issue incident to plaintiffs' action to foreclose a purchase money mortgage on certain realty located in the Towns of Woodstock and Olive, Ulster County. When this matter was recently before us (188 AD2d 234), we affirmed Supreme Court's order granting plaintiffs' motion for summary judgment in the foreclosure action and setting the priority with which plaintiffs and defendant G & G Mortgage Investors (hereinafter G & G), a secondary mortgagee, were to share in the foreclosure proceeds. At issue here is the correctness of Supreme Court's subsequent confirmation of a Referee's report and issuance of a judgment of foreclosure.

While an understanding of the facts giving rise to the foreclosure action and the particulars of the priority determination are necessary to a complete understanding of the instant issue, the reader is referred to our prior decision for this background information. We will pick up our factual recitation where it ended in the prior decision, to wit, with the entry of Supreme Court's order granting plaintiffs' motion for summary judgment in the foreclosure action. Contained in that order was an order appointing a Referee "to ascertain and compute the amount due plaintiffs" and the amount of the difference between the sums due plaintiffs under the first and second modifications to which G & G was determined to have priority. It is uncontroverted that the Referee did not hold a formal hearing in connection with the order of reference and that, because G & G did not receive notice, the only evidence submitted was presented by plaintiffs. This evidence consisted of the note, mortgage, first and second modifications, and an affidavit from one of the plaintiffs attesting to the principal balance and the amount of accrued interest. In his report the Referee essentially adopted plaintiffs' principal and interest figures and computed G & G's priority amount to be $5,293.80.

Thereafter, plaintiffs moved to confirm the Referee's report and for a judgment of foreclosure in accordance therewith. G & G opposed, claiming that the reference procedure was

fatally flawed as a result of the Referee's failure to conduct an evidentiary hearing upon notice to all parties and that the Referee's computation of G & G's priority amount was erroneous in any event. Supreme Court disagreed that a hearing was required but did permit G & G an opportunity to submit its computation of the priority amount. Following receipt of this additional information, Supreme Court concluded that the Referee's figures were accurate and granted plaintiffs the relief requested. This appeal by G & G ensued.

In our view, a hearing with attendant notice to the parties should have been conducted by the Referee in this case. While Supreme Court has the authority to engage a Referee to compute and report the amount due under a mortgage (see, RPAPL 1321 [1]), and can, in its order of reference, define the scope of the reference and delineate the Referee's powers and duties thereunder (CPLR 4311), absent any specified restrictions the Referee has those powers and duties delineated in CPLR article 43 and also must comply with the procedures specified therein (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4311, at 364). One of the specified procedures is the conducting of a hearing (CPLR 4320 [a]), upon notice (CPLR 4313). Here, even assuming that Supreme Court could dispense with the notice and hearing requirements, a review of the language used in this order of reference indicates no such restriction. Not only is it bereft of any verbiage eliminating the necessity for notice and a hearing on the amount due plaintiffs and the amount of G & G's priority interest, there simply is nothing in the order from which such an intent even may be implied.

However, under these particular circumstances we are of the view that any error in this regard was harmless. In cases involving references to report, the Referee's findings and recommendations are advisory only (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4403, at 453); they have no binding effect and the court remains the ultimate arbiter of the dispute. In keeping with the nature of these reports, CPLR 4403 expressly authorizes a court not only to reject the report but to make its own findings, to take or retake testimony or to order a new trial or hearing before the Referee prior to rendering a decision. Here, while G & G admittedly was not given an opportunity to present its proof regarding the priority amount before the Referee, Supreme Court expressly accorded G & G the opportunity to present evidence relative to this subject directly to it on the motion to confirm. In response, G & G submitted a

fairly detailed affidavit explaining the perceived errors in the Referee's calculations and delineating its rationale for a $91,887.66 priority sum, which hinged substantially if not exclusively upon the interpretation of the language used by Supreme Court in describing G & G's priority. While Supreme Court ultimately rejected G & G's interpretation and its proffered figure in favor of that contained in the Referee's report, because G & G did in fact submit its proof and has failed, on this record, to demonstrate that its inability to present this evidence directly to the Referee was otherwise prejudicial, we see no necessity of remitting the matter for a Referee's hearing at this point.

As a final matter, we agree with Supreme Court that the $5,293.80 calculated by the Referee as G & G's priority amount is consistent with and properly effectuates its earlier decision and our prior decision on appeal regarding G & G's priority.

Yesawich Jr., J. P., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.