(December 23, 1996)

SEYMOUR ADELMAN et al., Respondents, v IZAK FREMD, Appellant, et al., Defendants. [651 NYS2d 604] —In an action, *inter alia,* to foreclose a mortgage, the defendant Izak Fremd appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Lockman, J.), entered November 14, 1995, as, upon granting the plaintiffs' motion to confirm the Referee's report dated June 6, 1995, is in favor of the plaintiffs and against him in the principal sum of $354,446.26.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The appellant had the opportunity to contest the finding that the plaintiffs did not compromise their claim by entering into a stipulation of settlement on July 7, 1992, with the trustee of the appellant's estate in bankruptcy on the appeal from the intermediate order which was dismissed for failure to prosecute. Thus, he is precluded from raising this issue at this time (*see, Bray v Cox*, 38 NY2d 350, 355; *Montalvo v Nel Taxi Corp.*, 114 AD2d 494; *Matter of Smith v McManus & Sons*, 101 AD2d 890).

Although we agree that it was error for the Referee to render his determination without holding a hearing on notice to the parties (*see,* CPLR 4313), we conclude that the appellant is not entitled to a new determination on the issue of the principal sum due on the mortgage in question. The appellant submitted evidence to support his contention regarding the sum due on the extension/modification agreement on his cross motion to vacate the Referee's report. The Supreme Court, which is the ultimate arbiter of the dispute and had the power to reject the Referee's report and make new findings (*see,* CPLR 4403), considered the appellant's evidence and correctly concluded that the appellant's contention is without merit. Because the appellant was not otherwise prejudiced by his inability to submit evidence directly to the Referee, a hearing on the issue of the principal sum due is not necessary (*see, Stein v American Mtge. Banking*, 216 AD2d 458; *Shultis v Woodstock Land Dev. Assocs.*, 195 AD2d 677). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.