■ 243 WEST 98TH CONDOMINIUM, Respondent, v STEPHEN SHAPIRO et al., Appellants, et al., Defendants. [786 NYS2d 67]—

In an action to foreclose a mortgage, the defendants Stephen Shapiro, Marjorie Gaba Shapiro, and Citadel Management Company, Inc., appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), dated September 10, 2002, which, upon an order of the same court dated January 14, 2002, granting the plaintiff's motion for summary judgment and for the appointment of a referee, and denying the defendant's motion for summary judgment, granted the plaintiff's motion to confirm the referee's report and denied their cross motion to reject the report and is in favor of the plaintiff and against them in the principal sum of $179,520.08.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the motion is denied and the cross motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for a hearing in accordance herewith.

As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, on a prior appeal which was dismissed for failure to prosecute although we have the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]). Accordingly, we do not consider the appellants' arguments concerning their default on the mortgage, since their appeal from an order dated January 14, 2002, granting the plaintiff's motion for summary judgment and denying the appellant's motion for summary judgment was dismissed by this Court as abandoned on November 12, 2002.

It was, however, error for the referee to compute the amount due to the plaintiff without holding a hearing on notice to the appellants (*see* CPLR 4313; *Federal Deposit Ins. Corp. v 65 Lenox Rd. Owners Corp.,* 270 AD2d 303 [2000]; *Adelman v Fremd,* 234 AD2d 488, 489 [1996]; *Stein v American Mtge. Banking,* 216 AD2d 458 [1995]; *Shultis v Woodstock Land Dev. Assoc.,* 195 AD2d 677 [1993]).

Accordingly, a hearing is required to compute the amount of the principal, interest, and an attorney's fee due to the plaintiff and to permit entry of an appropriate amended judgment. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.