■ PAMELA P. JONES, Respondent, v JEFFREY K. JONES, Appellant. [817 NYS2d 177]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Malone, Jr., J.), entered March 31, 2005 in Greene County, which distributed proceeds from the sale of real property, and (2) from an order of said court, entered April 4, 2005 in Greene County, which, inter alia, denied all pending orders to show cause.

The now-divorced parties to this action entered into a stipulation of settlement in November 2001, later incorporated into a judgment of separation, resolving numerous issues pertaining to the equitable distribution of their marital property. As relevant to the instant appeal, the parties agreed in this stipulation that all real property of the marriage, including the marital residence, would be sold and the proceeds divided equally, after payment of mortgages and capital gains taxes. It further outlined each party's respective responsibilities for the carrying charges on each property and further provided that neither would borrow money against any of these parcels.

Following the stipulation, it appears that the mortgage and tax obligations on three of these parcels, which were the financial obligation of defendant under the terms of the stipulation, continued to be in arrears (they were already in arrears as of the date of the stipulation). Less than one month after the stipulation, plaintiff borrowed money from a friend[1] which resulted in a mortgage being executed in the friend's favor on one of the properties. Three other mortgages were executed in his favor one year later.

In October 2003, upon learning of these poststipulation mortgages (as well as another mortgage that had been executed in the friend's favor prior to the stipulation but allegedly unbeknownst to defendant), defendant moved by order to show cause for, among other relief, an accounting by plaintiff, as well as a contempt finding for her alleged willful violation of the stipula-

---

1. According to defendant, this person is plaintiff's paramour.

tion. Indeed, by amended order dated December 1, 2003, Supreme Court ordered plaintiff to provide defendant "with a full accounting . . . of all monies which resulted in mortgages being executed by her in favor of said [friend] . . . The cumulative total of which, as of August 1, 2003, was approximately $53,000.00." Thereafter, plaintiff brought a separate motion by order to show cause concerning the sale of the marital residence.

Ultimately, a Judicial Hearing Officer was appointed "to hear and report" in the matter. A proceeding was scheduled for February 18, 2005. Prior to that time, the parties' attorneys were directed to outline their clients' respective position on each of the subject properties. Importantly, no testimony was taken at this appearance nor was evidence admitted. The entire proceeding consisted of oral argument of counsel. Shortly after its conclusion, plaintiff's counsel submitted proposed findings of fact and conclusions of law to the Judicial Hearing Officer. Defendant promptly objected on the ground that no hearing had been conducted on the extant orders to show cause. He further pointed out that he had never been provided with the ordered accounting by plaintiff.

Despite these objections, the Judicial Hearing Officer submitted findings of fact and conclusions of law to Supreme Court, which the court adopted one day later. Defendant now appeals from this order, as well as another order of Supreme Court which denied all then pending orders to show cause.

A procedural flaw in this action warrants reversal. Defendant persuasively argues that Supreme Court erred in adopting the Judicial Hearing Officer's findings without providing him an opportunity to object (*see* 22 NYCRR 202.44 [a]; *see also Caplan v Winslett*, 218 AD2d 148, 154-155 [1996]; *Matter of Breland [Motor Veh. Acc. Indem. Corp.]*, 24 AD2d 881 [1965]). A party must be given "the opportunity 'of pointing out in what respects, if any, the [Judicial Hearing Officer's] report or his [or her] conduct of the proceedings is erroneous' " (*Matter of Breland [Motor Veh. Acc. Indem. Corp.]*, supra at 881, quoting *Rosenfield v Rosenfield*, 272 App Div 547, 549 [1947]; *see Sroka v Sroka*, 255 AD2d 897, 898 [1998]; *Passaro v Henry*, 251 AD2d 390 [1998]). Here, defendant was denied that right (*compare Adelman v Fremd*, 234 AD2d 488 [1996]; *Shultis v Woodstock Land Dev. Assoc.*, 195 AD2d 677 [1993]).

Since the matter must be remitted, we note our concern regarding the failure of the Judicial Hearing Officer to conduct a hearing on the disputed factual issues, particularly in light of plaintiff's failure to account for the funds which resulted in the

numerous mortgages executed in favor of her friend (*compare Matter of Charles F.,* 242 AD2d 297, 298 [1997]; *Murphy v Murphy,* 144 AD2d 904 [1988]).[2] While plaintiff maintains that she borrowed these funds to keep certain properties from being foreclosed upon due to defendant's failure to abide by his own obligations under the stipulation, there are no financial documents in the record, or sworn testimony subject to cross-examination, pertaining to her obvious resort to self-help (*compare Adelman v Fremd, supra*). Thus, upon remittal, it appears, at the very least, that plaintiff should be required to provide an accounting (*compare Shultis v Woodstock Land Dev. Assoc., supra*) and that a hearing might ultimately be necessary (*see Matter of Charles F., supra*).

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

2. As noted, both sides were directed to submit a concise summary of their respective positions to the Judicial Hearing Officer. There is no indication in the record that these submissions were intended to be submitted in lieu of a hearing. Indeed, defendant's prompt objection to the proposed findings of fact and conclusions of law submitted by plaintiff on the ground that no hearing had been conducted confirms that defendant did not agree to dispense with a hearing (*compare Matter of Shulman v Elco Constr. Corp.,* 12 AD2d 460 [1960]). Nor has plaintiff made the argument, either before Supreme Court or on appeal, that defendant either expressly or impliedly waived his right to a hearing on all contested issues. No explanation has been given for her failure to provide an accounting as ordered.