■ In the Matter of GREGORY STEWART TRUST et al. BARBARA STEWART, Respondent-Appellant, v WILLIAM P. STEWART, JR., et al., Appellants-Respondents. [974 NYS2d 11]—

Decree, Surrogate's Court, New York County (Nora S. Anderson, S.), entered March 21, 2012, which, to the extent appealed from, granted petitioner's request for statutory annual trustee commissions for the year 2005 to the extent of awarding her two thirds of the 2005 annual commissions on the trusts' principal pursuant to SCPA 2309 (2) in the total amount of $695,960, payable by each of the four family trusts in the amount of $173,990, based on the established value of each of the four trusts at $85,695,000, and denied, with prejudice, petitioner's request for annual commissions on the trusts' principal for the years 2003 and 2004, as well as annual commissions on the trusts' income for the years 2003, 2004 and 2005, unanimously affirmed, without costs. Appeals from order, same court and Surrogate, entered February 15, 2012, which adopted the findings and recommendation of the Special Referee granting petitioner's claim to annual commission on the trusts' principal for the year 2005 and denying petitioner's claims for commissions for 2003 and 2004, rejected that portion of the recommendation denying said claims without prejudice to renewal, and dismissed them with prejudice, unanimously dismissed, without costs, as subsumed in the appeal from the decree.

Petitioner, Barbara Stewart (trustee), was removed as cotrustee of four trusts, the beneficiaries of which are her four children, in 2012 for misconduct that occurred primarily after 2005. On appeal, she is seeking commissions pursuant to SCPA 2309 (2) for 2003, 2004 and 2005. Respondents, three of the trustee's children and beneficiaries of the trusts (beneficiaries), oppose granting her commission for these years.

The Referee's report recommended that the trustee be denied commissions for 2003 and 2004 for failure to provide competent evidence as to the value of the trusts for those years. As to the annual commission for 2005, the Referee determined that, absent controlling precedent in this state on the issue, trustee misconduct that occurred after the period for which a commission is sought cannot be considered in determining whether to grant the commission. The Referee therefore recommended the trustee be granted her annual commission for 2005, and the Surrogate adopted these recommendations.

We conclude that courts have the discretion to take into consideration all of a trustee's misconduct in determining the

grant of annual commission, even conduct that occurred after the period applicable to the commission. Although there are no appellate cases on point, no New York case holds otherwise. As a basic principle, the Surrogate has broad discretion to deny commission to a trustee if the trustee has engaged in misconduct (*see generally Matter of Donner*, 82 NY2d 574, 587 [1993] [concerning coexecutor commissions]; *Matter of Tydings [Ricki Singer Grantor Trust]*, 32 Misc 3d 1204[A], 2011 NY Slip Op 51177[U] [Sur Ct, Bronx County 2011] [trustee seeking income, annual and compensation commission]). In determining if a commission should be denied, misconduct that is not directly related to the commission being sought may be taken into consideration (*see Tydings*, 32 Misc 3d 1204[A], 2011 NY Slip Op 51177[U] [court denied trustee commission for services unrelated to the misconduct, finding that her overall mismanagement of the trust did not obligate the trust to pay her commission]; *In re Smith's Estate*, 24 Pa D 435, 440-441 [Orphans' Ct Pa, Phila County 1915] [court denied trustee commission for years prior to his misconduct, concluding that it would be unjust to allow him to earn the commission]). The Restatement (Second) of Trusts § 243 supports this conclusion with a multifactor analysis (Comment *c*). Among the factors to be considered under the Restatement in determining if a commission should be denied are whether the trustee acted in good faith, if the misconduct related to management of the whole trust and if the trustee completed services of value to the trust (*id.*). We conclude, therefore, it is within the court's discretion to determine whether the trustee's later misconduct bars her from receiving commission.

Trustees can be denied commission "where their acts involve bad faith, a complete indifference to their fiduciary obligations or some other act that constitutes malfeasance or significant misfeasance" (*Tydings*, 32 Misc 3d 1204[A], 2011 NY Slip Op 51177[U], *10). The denial of a commission, however, should not be "in the nature of an additional penalty" (Restatement [Second] of Trusts § 243, Comment *a*). Rather, it should be based on the trustee's failure to properly serve the trust, not designed as an additional punishment (*see id.*). Indeed, even the beneficiaries in this case state that it will be rare that a trustee's later misconduct will serve as the basis for a denial of commission.

In his report, the Referee cites *In re Trusteeship of Trust of Williams* (631 NW2d 398, 409 [Minn Ct App 2001]) for the proposition that the court cannot consider later misconduct. *Williams*, which is not binding on us, addressed whether a profes-

sional trustee was required to refund fees it had received for an accounting period during which the district court found it breached its duties to the trust. In determining whether the trustee should refund fees, the court found "that the fees to be reduced or denied [must] relate to a failure by [the trustee] to render services or to render services properly" (*id.*). This case does not explicitly hold that the court cannot consider misconduct which occurs after the period for which commissions are sought. Rather, it underscores the principle that denying a trustee fees cannot be a punishment unrelated to the trustee's actions and, citing the Restatement (Second) of Trusts, it concludes that a court has discretion to reduce fees of the trustee who failed to render service properly. Finally, we note that the court in *Williams* did not decide whether the trustee's compensation should be reduced, but merely remanded to the district court for further proceedings on the issue.

We conclude, in our discretion, that the nature of the trustee's misconduct, both during 2005 and afterwards, does not warrant denial of an annual commission for 2005. There is no evidence that the trust suffered any significant loss due to the trustee's actions (*cf. Smith's Estate*, 24 Pa D at 435 [commission denied where trustee engaged in embezzlement schemes related to the rental of the trust properties]). There are still substantial assets in the trusts. On the record before us, we conclude denying her the 2005 commission would serve only as punishment. Further, the trustee is only receiving two thirds of the annual commission for 2005. Although the Referee noted that he would recommend that the trustee be denied a commission for 2005 if his legal conclusion about misconduct after 2005 were reversed and the case came back to him, we are not bound by the Referee's statement (CPLR 4403; *see Shultis v Woodstock Land Dev. Assoc.*, 195 AD2d 677, 678 [3d Dept 1993]).*

We have considered parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Acosta, Renwick, DeGrasse and Richter, JJ.

---

The decision and order of this Court entered herein on July 16, 2013 (108 AD3d 461 [2013]) is hereby recalled and vacated (*see* 2013 NY Slip Op 86370[U] [2013] [decided simultaneously herewith]).

---

* There is no need to remand nor is it the primary relief sought by the parties. We have the complete record of the proceedings before the Referee and we accept his credibility determinations. Thus, we can resolve the 2005 commission based on the briefs and record on appeal.