Countrywide Home Loans, Inc. v Hershkop (2020 NY Slip Op 07032)





Countrywide Home Loans, Inc. v Hershkop


2020 NY Slip Op 07032


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2018-01390
 (Index No. 29456/08)

[*1]Countrywide Home Loans, Inc., etc., respondent,
v
Rivka Hershkop, et al., appellants, et al., defendants.


Law Office of Jeffrey Fleischmann, P.C., New York, NY (Allen Schwartz of counsel), for appellants.
Stern & Eisenberg, P.C., Depew, NY (Anthony P. Scali of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Rivka Hershkop, Benjamin Lieberman, and Tehila Lieberman appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence S. Knipel, J.), dated October 26, 2017. The order and judgment of foreclosure and sale, upon an order of the same court dated October 25, 2017, inter alia, granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and denying that branch of the cross motion of the defendants Rivka Hershkop, Benjamin Lieberman, and Tehila Lieberman which was for summary judgment dismissing the complaint insofar as asserted against them, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, the order dated October 25, 2017, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
In October 2008, the plaintiff commenced this action against, among others, the defendants Rivka Hershkop, Benjamin Lieberman, and Tehila Lieberman (hereinafter collectively the defendants) to foreclose a mortgage. On October 30, 2009, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the complaint and for an order of reference. On or about May 17, 2017, the plaintiff moved, among other things, to confirm the referee's report dated May 3, 2017, and for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated October 25, 2017, the court granted the plaintiff's motion and denied the defendants' cross motion. An order and judgment of foreclosure and sale was issued, which, among other things, confirmed the referee's report and directed the sale of the subject property. The defendants appeal.
The "Supreme Court has the authority to engage a Referee to compute and report the amount due under a mortgage" (Shultis v Woodstock Land Dev. Assoc., 195 AD2d 677, 678, citing [*2]RPAPL 1321[1]). An order of reference "may specify or limit the powers of the referee and the time for the filing of his [or her] report and may fix a time and place for the hearing" (CPLR 4311). In cases involving references to report, the Supreme Court is the ultimate arbiter of the dispute and has the power to reject the referee's report and make new findings (see CPLR 4403; Adelman v Fremd, 234 AD2d 488, 489; Shultis v Woodstock Land Dev. Assoc., 195 AD2d at 678).
Here, the record reflects that the referee computed the amount due to the plaintiff without holding a hearing on notice to the defendants, based on the affidavit of amounts due submitted by the plaintiff. In addition, while the order of reference dated October 30, 2009, directed the referee to "make his/her report no later than 60 days of the date of this order," the referee's report, which the Supreme Court confirmed, was issued more than seven years after the date of the order of reference. Accordingly, under the circumstances of this case, we remit the matter to the Supreme Court, Kings County, for a hearing and a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter (see Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 629-630, affd 25 NY3d 355; 243 W. 98th Condominium v Shapiro, 12 AD3d 591, 592; cf. Shultis v Woodstock Land Dev. Assocs., 195 AD2d 677, 678-679).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court