Bank of Am., N.A. v Barton (2021 NY Slip Op 05939)





Bank of Am., N.A. v Barton


2021 NY Slip Op 05939


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2018-06667
 (Index No. 10965/12)

[*1]Bank of America, N.A., etc., respondent,
v
Rebecca Barton, et al., appellants, et al., defendants.


Charles Wallshein, Melville, NY, for appellants.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP (Winston & Strawn LLP, New York, NY [Jason R. Lipkin], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Rebecca Barton and Raymond Barton appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (John H. Rouse, J.), entered March 15, 2018. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, denied the cross motion of the defendants Rebecca Barton and Raymond Barton to reject the referee's report and for a computation hearing, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and substituting therefor a provision denying the motion, (2) by deleting the provision thereof denying that branch of the cross motion of the defendants Rebecca Barton and Raymond Barton which was to reject the referee's report, and substituting therefor a provision granting that branch of the cross motion, and (3) by deleting the provision thereof confirming the referee's report and directing the sale of the subject property, and substituting therefor a provision rejecting the referee's report; as so modified, the order and judgment of foreclosure and sale is affirmed, with costs payable to the defendants Rebecca Barton and Raymond Barton, and the matter is remitted to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403, and the entry of an appropriate amended judgment thereafter.
In April 2012, the plaintiff commenced this action against the defendants Rebecca Barton and Raymond Barton (hereinafter together the defendants), among others, to foreclose a mortgage encumbering property in Mount Sinai. After the defendants interposed an answer and an amended answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated March 4, 2015, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. On appeal, the order dated March 4, 2015, was affirmed insofar as appealed from (see Bank of Am., N.A. v Barton, 149 AD3d 676, abrogated in part by US [*2]Bank N.A. v Nelson, 169 AD3d 110).
Subsequently, the referee issued a report dated September 13, 2017, computing and ascertaining that the plaintiff was owed the sum of $537,891.69, plus interest from July 1, 2017, and other expenses. The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved to reject the referee's report and for a computation hearing. The Supreme Court granted the plaintiff's motion, denied the defendants' cross motion, and directed the sale of the subject property. The defendants appeal.
The "Supreme Court has the authority to engage a Referee to compute and report the amount due under a mortgage" (Shultis v Woodstock Land Dev. Assoc., 195 AD2d 677, 678, citing RPAPL 1321[1]). "An order of reference 'may specify or limit the powers of the referee and the time for the filing of his [or her] report and may fix a time and place for the hearing'" (Countrywide Home Loans, Inc. v Hershkop, 188 AD3d 1148, 1149, quoting CPLR 4311). "In cases involving references to report, the Supreme Court is the ultimate arbiter of the dispute and has the power to reject the referee's report and make new findings" (Countrywide Home Loans, Inc. v Hershkop, 188 AD3d at 1149; see CPLR 4403). Here, the defendants were served with the referee's proposed report and were afforded the opportunity to serve objections thereto. The defendants were advised that the referee would compute the amount due to the plaintiff on submission if they failed to serve objections. The defendants did not request a hearing at that time or serve objections to the proposed report. As a result, the referee was not required to hold a hearing (see Deutsche Bank Natl. Trust Co. v Finger, 195 AD3d 789, 792; MTGLQ Invs., L.P. v Thompson, 188 AD3d 1483, 1483-1484).
However, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and granted that branch of the defendants' cross motion which was to reject the referee's report. The referee's computations as to the amount due and owing to the plaintiff were not substantially supported by the record (see U.S. Bank N.A. v Calabro, 175 AD3d 1451, 1452; Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769). An affidavit of an assistant vice president of the plaintiff, which was submitted in support of the plaintiff's motion to establish the amount due and owing, constituted inadmissible hearsay and lacked probative value because the business records purportedly relied upon in making the calculations were not produced (see Bank of N.Y. Mellon v Davis, 193 AD3d 803, 804; Wilmington Sav. Fund Socy., FSB v Isom, 190 AD3d 786, 788; Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 689; Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1311).
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403, and the entry of an appropriate amended judgment thereafter.
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court