U.S. Bank N.A. v BJ Org. of N.Y., Inc. (2024 NY Slip Op 51230(U))

[*1]

U.S. Bank N.A. v BJ Org. of N.Y., Inc.

2024 NY Slip Op 51230(U)

Decided on September 9, 2024

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 9, 2024
Supreme Court, Richmond County

U.S. Bank National Association, AS TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL LOAN TRUST 2016-1, Plaintiff,

against
BJ Organization of New York, Inc. et al, Defendant.

Index No. 150232/2021

Counsel for the Plaintiff:
Djibril Anwar Carr, Esq. 
McCalla Raymer Leibert Pierce, LLC 
485f Route 1 S Suite 300
Iselin, NY 08830 
Phone: (732) 692-6849 
E-mail: djibril.carr@mccalla.com
Counsel for Defendant:
Ositadinma Benjamin Okeke, Esq. 
3312 Church Avenue, 3rd Floor
Brooklyn, NY 11203 
Phone: (718) 940-3855 
E-mail: chukwunwe@aol.com

Ronald Castorina, Jr., J.

The following e-filed documents listed on NYSCEF (Motion #005) numbered 95-112, 116-117, 121 and (Motion #006) numbered 113-115, 118-120 and 122 were read on this motion.
Upon the foregoing documents, and after argument conducted on September 5, 2024, Motion Sequence No. 005 and Motion Sequence No. 006 are resolved and therefore, it is hereby,
ORDERED that Plaintiff Motion Sequence No. 005 pursuant to RPAPL § 1321; RPAPL [*2]§ 1351; and RPAPL § 1354 is DENIED in its entirety, without prejudice to renew; and it is further,
ORDERED, that Defendant Mohamed's Motion Sequence No. 006 pursuant to CPLR § 4403 is GRANTED in its entirety; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
 Memorandum Decision

 I. Procedural History
On or about February 3, 2021, Plaintiff filed a summons, complaint and notice of pendency alleging that Defendants defaulted under a commercial mortgage and commercial note by failing to make payments due. Plaintiff filed Motion Sequence No. 005 by notice of motion on July 18, 2024, seeking (1) Confirming the Referee's Report made in accordance with RPAPL § 1321; (2) a Judgment of Foreclosure and Sale pursuant to RPAPL § 1351; (3) distribution of the sale proceeds pursuant to RPAPL § 1354; and (4) such additional relief as this court may deem just and proper.
Defendant Mohamed filed Motion Sequence No. 006 by notice of cross motion on July 24, 2024, seeking (a) rejection of the referee's report dated May 14, 2024, pursuant to CPLR § 4403; (b) rejection of the application for entry of judgment of foreclosure and sale; (c) rejection of the application directing the distribution of the sale proceeds; and (d) such other, further and different relief as the court deem just and proper.
Plaintiff filed a combined opposition to Motion Sequence No. 005 and reply to Motion Sequence No. 006 on August 14, 2024. Defendant Mohamed filed opposition to Motion Sequence No. 005 on August 14, 2024, and reply on Motion Sequence No. 006 on August 21, 2024. Oral argument was heard by the Court on both motions on September 5, 2024.

 II. Facts
This commercial mortgage foreclosure action was commenced by filing the Summons and Complaint in the Richmond County Clerk's Office on February 3, 2021, the County where the mortgaged property is located. (NY St Cts Filing [NYSCEF] Doc No. 100). The action was brought to foreclose a commercial mortgage executed by Ahmed Mohamed as president of BJ Organization of New York Inc to Velocity commercial Capital, LLC in the amount of $234,000.00, dated May 12, 2015 (NY St Cts Filing [NYSCEF] Doc No. 97) and recorded in the Richmond County Clerk's Office on June 12, 2015 (NY St Cts Filing [NYSCEF] Doc No. 98).
On February 3, 2021, Plaintiff filed a Notice of Pendency in accordance with RPAPL § 1331 and CPLR Article 65. (NY St Cts Filing [NYSCEF] Doc No. 101). On April 29. 2016, Plaintiff was of the Assignee of the subject note. (NY St Cts Filing [NYSCEF] Doc No. 103). Further, the underlying note and mortgage were validly assigned to U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2016-1, current Plaintiff, by Assignment of Mortgage dated October 25, 2016, and recorded in the Richmond County Clerk's Office on November 3, 2016, as Land Doc No.: 627492. (NY St Cts Filing [NYSCEF] Doc No. 99).
On February 22, 2023, the Plaintiff moved for summary Judgment and an Order of Reference, which was granted by the Court by order dated May 24, 2023. (NY St Cts Filing [NYSCEF] Doc No. 104). On May 14, 2024, the Referee executed an Oath and Report of Amount Due which computed the amount due the Plaintiff to be $365,907.66 as of January 31, 2024, and determined that the property should be sold as one parcel. (NY St Cts Filing [NYSCEF] Doc No. 106). On July 18, 2024, Plaintiff filed the instant motion seeking to confirm the referee's report; enter judgment of foreclosure and sale; and directing the distribution of sale proceeds.
Defendant Mohamed alleges the referee did not notify him or his counsel about any proposed hearing to determine the amount owed on the mortgage and the first time the report was made available to Defendant Mohamed was upon the filing of Motion Sequence No. 5. (NY St Cts Filing [NYSCEF] Doc No. 121). Defendant Mohamed further alleges that the referee's findings with respect to the total amount due to the Plaintiff were not substantially supported by the record. (see id).
The referee's report provides as follows:
I, Edward R. Finkelstein, Referee in said Order named, do report, that before proceeding to hear the testimony I was duly sworn to determine the questions referred to me, and to make a just and true report thereon, according to the best of my understanding; that I have computed and ascertained the amount due to Plaintiff upon the said note and mortgage, as of May 14, 2024 to br the sum of $365,907.66.
Schedule A, hereunto annexed, contains a schedule of documentary evidence introduced before me, and shows the amounts due for principal, interest and other amounts now due to Plaintiff.
I have made inquiry as to the advisability of selling the mortgaged premises in parcels and find accordingly that the mortgaged premises should be sold in one parcel. (NY St Cts Filing [NYSCEF] Doc No. 106).
The attached Schedule A provides:
ABSTRACT OF DOCUMENTARY EVIDENCE
- Copy of the Summons and Complaint (includes copies of the Note & Mortgage)
- Affidavit in Support of Merit and Amount Due (see id).
No further documents were attached to Schedule A.
In the Affidavit of Amount Due, Sandie Lawrence, Department Manager Special Servicing of Velocity Commercial Capital LLC, successor Plaintiff to U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2016-1, testifies:
"I am duly authorized to execute this Affidavit on behalf of Velocity in support of Plaintiff's application for an Order of Reference. This affidavit is submitted in support of the Plaintiff's Motion for an Order for summary judgment and further relief." (NY St Cts Filing [NYSCEF] Doc No. 103). Defendant Mohamed contends that this affidavit was submitted for summary judgment and not in support of Plaintiff's motion to confirm the referee's report and as such should be rejected.
The Lawrence affidavit further provides:
As part of my job responsibilities at Velocity, I have reviewed its business records concerning the note and mortgage loan described in Plaintiff's Complaint. In addition, I am personally familiar with the note and mortgage in issue and the facts surrounding the loan. The records that I reviewed are maintained by Velocity in the course of its regularly [*3]conducted activities and are made at or near the time of the event, by or from information transmitted by a person with knowledge. It is Velocity's regular practice to keep such records in the ordinary course of its regularly conducted business activities. As a mortgage lender, Velocity collects payments from borrowers and maintains up-to-date electronic records concerning the loans it services in its electronic record-keeping system. I have access to Velocity's business records, including the business records for and relating to Defendant's loan. I make this affidavit based upon my review of those records relating to the loan and from my own personal knowledge of how they are kept and maintained. The records that relate to the loan that I reviewed and relied upon for the statements made in this Affidavit include the Note, the Mortgage, the Guaranty and other documents related to the loan.
Defendant failed to make the payment that was due for April 1, 2020. Accordingly, the loan is in default as of April 1, 2020. as failed to make subsequent payments to bring the loan current, and the entire loan balance is now due and owing to Plaintiff. See A copy of the Pay History and supporting documents as the amounts due is attached hereto as Exhibit H. (see id).
The pay history and supporting documents were not filed with this motion. Plaintiff concedes an error was made in the filing of the Lawrence affidavit (NY St Cts Filing [NYSCEF] Doc No. 119) and refiled the Lawrence affidavit with the relevant exhibits on July 25, 2024 (NY St Cts Filing [NYSCEF] Doc No. 116). Plaintiff maintains that the full Lawrence Affidavit with the accompanying exhibits were forwarded to and reviewed the referee Edward Finkelstein prior to his execution of the report on May 14, 2024.
Defendant Mohamed contends the only documentary evidence reviewed by the referee was the documents listed in the Schedule A, which did not include the Pay History and therefore, the referee did not review the pay history. Plaintiff provides a copy of an email to the referee, which purports to include as an attachment "Exh H - Pay History + supporting docs.pdf" (NY St Cts Filing [NYSCEF] Doc No. 120); however, the referee's report does not specifically mention that the Pay History was among the documents reviewed as part of the determination of the amount due plaintiff. (NY St Cts Filing [NYSCEF] Doc No. 106).

 III. Discussion
"The 'Supreme Court has the authority to engage a Referee to compute and report the amount due under a mortgage'" (see Bank of Am., N.A. v Barton, 199 AD3d 625 [2d Dept 2021] quoting Shultis v Woodstock Land Dev. Assocs., 195 AD2d 677 [3rd Dept 1993] citing RPAPL § 1321 [1]). "In cases involving references to report, the Supreme Court is the ultimate arbiter of the dispute and has the power to reject the Referee's report and make new findings" (see id quoting Countrywide Home Loans, Inc. v Hershkop, 188 AD3d 1148 [2d Dept 2020] citing CPLR § 4403).
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (see Wilmington Sav. Fund Socy., FSB v Isom, 190 AD3d 786 [2d Dept 2021] quoting U.S. Bank N.A. v Sheth, 177 AD3d 1018 [2d Dept 2019]; citing HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680 [2d Dept 2019]).
"However, computations based on the review of unidentified and unproduced business [*4]records . . . constitute[ ] inadmissible hearsay and lack[ ] probative value" (see Countrywide Home Loans Servicing, L.P. v Weberman, 2024 NYAppDiv LEXIS 4435 [2d Dept 2024] quoting Wells Fargo Bank, N.A. v Laronga, 219 AD3d 1559 [2d Dept 2023]).
Here, the referee's report was based upon the review of the documents listed in the Schedule A, which were as follows:
- Copy of the Summons and Complaint (includes copies of the Note & Mortgage)
- Affidavit in Support of Merit and Amount Due (NY St Cts Filing [NYSCEF] Doc No. 106).
The referee does not include the Pay History as one of the documents reviewed in the Schedule A as part of the determination of the amount due plaintiff. While the referee does include the affidavit of merit, the copy of the affidavit of merit submitted as Exhibit G with Plaintiff's motion to confirm the referee's report does not contain any of the referenced exhibits attached to it as originally submitted. (NY St Cts Filing [NYSCEF] Doc No. 103). Lawrence affidavit as submitted constitutes inadmissible hearsay and lacks probative value because of the failure to include the business records purportedly relied upon in making said calculations. (see id citing Ocwen Loan Servicing, LLC v. Coles, 223 AD3d 678 [2d Dept 2024]; Wells Fargo Bank, N.A. v. Laronga, 219 AD3d 1559 [2d Dept 2023]; Bank of Am., N.A. v Barton, 199 AD3d 625 [2d Dept 2021]).
"The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds or evidence for, the motion" (see Lee v Law Offs. of Kim & Bae, P.C., 161 AD3d 964 2d Dept 2018 citing USAA Fed. Sav. Bank v Calvin, 145 AD3d 704 [2d Dept 2016]; All State Flooring Distribs., L.P. v MD Floors, LLC, 131 AD3d 834 [1st Dept 2015]; Mikulski v Battaglia, 112 AD3d 1355 [4th Dept 2013]; Matter of Allstate Ins. Co. v Dawkins, 52 AD3d 826 [2d Dept 2008]; Dannasch v Bifulco, 184 AD2d 415 [1st Dept 1992]).
Here, the referee's computations as to the amount due and owing to the plaintiff were not substantially supported by the record as submitted in the Plaintiff's motion. While the plaintiff submitted additional documentation in reply, as the issue the new evidence was intended to address was not an issue raised for the first time in Defendant's opposition and should not be considered. (see Wells Fargo Bank, N.A. v Murray, 208 AD3d 924 [2d Dept 2022]).
Accordingly, Plaintiff's Motion Sequence No. 005 request to confirm the referee's report made in accordance with RPAPL § 1321 and for the issuance of a Judgment of Foreclosure and Sale pursuant to RPAPL § 1351 and distribution of the sale proceeds pursuant to RPAPL § 1354 is DENIED without prejudice to renew.
Defendant Mohamed's Motion Sequence No. 006 request to reject the referee's report dated May 14, 2024, pursuant to CPLR § 4403; reject the application for entry of judgment of foreclosure and sale; and reject of the application directing the distribution of the sale proceeds is GRANTED in its entirety.
Decretal Paragraphs
It is hereby ORDERED that Plaintiff Motion Sequence No. 005 pursuant to RPAPL § 1321; RPAPL § 1351; and RPAPL § 1354 is DENIED in its entirety, without prejudice to renew; and it is further,
ORDERED, that Defendant Mohamed's Motion Sequence No. 006 pursuant to CPLR § 4403 is GRANTED in its entirety; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
The foregoing constitutes the Decision and Order of the Court. 
Dated: September 9, 2024
Staten Island, New York
E N T E R,
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT