U.S. Bank N.A. v Mahram (2024 NY Slip Op 04475)

U.S. Bank N.A. v Mahram

2024 NY Slip Op 04475

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-00402
 (Index No. 13965/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Jaklin S. Mahram, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Zachary Gold and Stephen Vargas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jaklin S. Mahram appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (David P. Sullivan, J.), entered October 20, 2022. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, denied the cross-motion of the defendant Jaklin S. Mahram to reject the referee's report and pursuant to CPLR 5001 to toll the accrual of interest, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In July 2009, this action was commenced against the defendant Jaklin S. Mahram (hereinafter the defendant), among others, to foreclose a mortgage encumbering real property located in Greenvale. After the defendant interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order entered October 25, 2018, the Supreme Court, among other things, granted the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. Subsequently, the referee issued a report dated July 16, 2020, computing and ascertaining that the plaintiff was owed the sum of $983,981.62, inclusive of interest from January 1, 2009, to March 9, 2020, and other expenses. The plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved to reject the referee's report and to toll the accrual of interest. The court, among other things, granted those branches of the plaintiff's motion, denied the defendant's cross-motion, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
The "Supreme Court has the authority to engage a Referee to compute and report the amount due under a mortgage" (Shultis v Woodstock Land Dev. Assoc., 195 AD2d 677, 678, citing RPAPL 1321[1]). "An order of reference 'may specify or limit the powers of the referee and the time for the filing of his [or her] report and may fix a time and place for the hearing'" (Countrywide Home Loans, Inc. v Hershkop, 188 AD3d 1148, 1149, quoting CPLR 4311). "In cases involving references to report, the Supreme Court is the ultimate arbiter of the dispute and has the power to [*2]reject the referee's report and make new findings" (id.; see CPLR 4403). Here, the defendant was served with the referee's proposed report and was afforded the opportunity to serve objections thereto. The defendant was advised that the referee would compute the amount due to the plaintiff on submission if the defendant failed to serve objections. The defendant did not request a hearing at that time or serve objections to the proposed report. Thus, contrary to the defendant's contention, the referee was not required to hold a computation hearing (see Deutsche Bank Natl. Trust Co. v Wentworth, 211 AD3d 684, 687; Bank of Am., N.A. v Barton, 199 AD3d 625, 627; Nationstar Mtge., LLC v Paganini, 191 AD3d 790, 794). Moreover, contrary to the defendant's contention, the referee's report was substantially supported by the record (see Deutsche Bank Natl. Trust Co. v Wentworth, 211 AD3d at 688).
The Supreme Court correctly denied that branch of the defendant's cross-motion which was to toll the accrual of interest based on purported improper delay by the plaintiff in prosecuting this action. The record reflects that the delays in this action were not solely attributable to the plaintiff, and the delays that were attributable to the plaintiff were not so egregious as to warrant the tolling of the accrual of interest (see U.S. Bank N.A. v Ashon, 226 AD3d 941, 944; Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d 636, 639). Moreover, there is no allegation that the plaintiff engaged in any wrongdoing during the prosecution of the action (see U.S. Bank N.A. v Ashon, 226 AD3d at 944; Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d at 639; Atalaya Asset Income Fund II, L.P. v 219 Sagg Main, LLC, 206 AD3d 868, 869).
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court