U.S. Bank Trust, N.A. v Rao (2026 NY Slip Op 00400)

U.S. Bank Trust, N.A. v Rao

2026 NY Slip Op 00400

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-07150
 (Index No. 603179/23)

[*1]U.S. Bank Trust, N.A., etc., respondent,
vNicholas R. Rao, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Friedman Vartolo LLP, Garden City, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nicholas R. Rao appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered June 6, 2024. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgement of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In February 2023, the plaintiff commenced this action against the defendant Nicholas R. Rao (hereinafter the defendant), among others, to foreclose a mortgage encumbering real property located in Long Beach. After the defendant interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated December 21, 2023, the Supreme Court, among other things, granted the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. In April 2024, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. In an order and judgment of foreclosure and sale entered June 6, 2024, the court, among other things, granted those branches of the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
The Supreme Court has the authority to engage a referee to compute and report the amount due under a mortgage (see RPAPL 1321[1]; U.S. Bank N.A. v Mahram, 230 AD3d 1265, 1266). "An order of reference 'may specify or limit the powers of the referee and the time for the filing of his [or her] report and may fix a time and place for the hearing'" (U.S. Bank N.A. v Mahram, 230 AD3d at 1266 [internal quotation marks omitted], quoting CPLR 4311; see Countrywide Home Loans, Inc. v Hershkop, 188 AD3d 1148, 1149). In cases involving references to report, the court is the ultimate arbiter of the dispute and has the power to reject the referee's report and make new findings (see CPLR 4403; U.S. Bank N.A. v Mahram, 230 AD3d at 1266). Here, the defendant was served with the referee's proposed report and was afforded the opportunity to serve objections [*2]thereto. The defendant was advised that the referee would compute the amount due to the plaintiff on submission if the defendant failed to serve objections. The defendant did not request a hearing at that time or serve objections to the proposed report. Therefore, the referee was not required to hold a hearing (see U.S. Bank N.A. v Mahram, 230 AD3d at 1266). Moreover, contrary to the defendant's contention, the referee's report was substantially supported by the record (see U.S. Bank N.A. v Haber, 230 AD3d 530, 533; Deutsche Bank Natl. Trust Co. v Wentworth, 211 AD3d 684, 688).
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court