LNV Corp. v Almberg (2021 NY Slip Op 02791)





LNV Corp. v Almberg


2021 NY Slip Op 02791


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-10738
2017-10739
 (Index No. 64503/14)

[*1]LNV Corporation, respondent, 
v
Winston Almberg, et al., appellants, et al., defendants.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellants.
Stein Wiener & Roth, LLP, Carle Place, NY (Mojdeh Malekan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Winston Almberg and Tara Almberg appeal from two orders of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), both dated August 25, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Winston Almberg and Tara Almberg, to strike their answer, and for an order of reference are denied.
On June 12, 2014, the plaintiff commenced this mortgage foreclosure action against, among others, the defendants Winston Almberg and Tara Almberg (hereinafter together the defendants). The defendants answered the complaint, raising several affirmative defenses, including lack of standing. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants opposed the motion, disputing, among other things, the plaintiff's standing, as well as its compliance with the requirements of RPAPL 1304. The Supreme Court, inter alia, granted the motion in two orders, both dated August 25, 2017. The defendants appeal.
Generally, in order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). Where, as here, the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff must prove its standing as part of its prima facie showing (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932).
Here, contrary to the Supreme Court's determination, the plaintiff failed, prima facie, to establish its standing to commence this action. The copy of the note submitted in support of the plaintiff's motion contained two additional pages, the first entitled "Allonge to Note" and the second entitled "Note Allonge." However, as the defendants correctly contend, the plaintiff did not submit any evidence to indicate that the purported allonges were so firmly affixed to the note so as to become a part thereof (see UCC 3-202[2]; Citimortgage, Inc. v Ustick, 188 AD3d 793; U.S. Bank N.A. v Moulton, 179 AD3d 734, 737).
Moreover, since the proper service of a RPAPL 1304 notice is a condition precedent to the commencement of a foreclosure action, the defendants could properly raise this defense for the first time in their opposition to the plaintiff's motion for summary judgment, and the burden of establishing prima facie compliance with the requirements of RPAPL 1304 was with the plaintiff (see U.S. Bank N.A. v Powell, 187 AD3d 1238, 1240).
"When a party relies upon the business records exception to the hearsay rule in attempting to establish its prima facie case, a proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Federal Natl. Mtge. Assn. v Marlin, 168 AD3d 679, 681 [internal quotation marks omitted]; see IndyMac Fed. Bank, FSB v Vantassell, 187 AD3d 725, 727). Moreover, "it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted, and a witness's description of a document not admitted into evidence is hearsay" (Selene Fin., L.P. v Coleman, 187 AD3d 1082, 1085 [citations and internal quotation marks omitted]; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206).
Here, in order to establish its compliance with the notice requirements of RPAPL 1304, the plaintiff submitted two affidavits from its "authorized signer," Tracy A. Duck. However, contrary to the Supreme Court's determination, neither affidavit was sufficient to establish the plaintiff's strict compliance with the notice requirements of RPAPL 1304. Among other things, Duck did not aver that she was familiar with the mailing practices and procedures of the entity that purportedly sent the notices (see Everbank v Greisman, 180 AD3d 758, 760). Moreover, the business records attached to Duck's second affidavit were insufficient to establish compliance with RPAPL 1304 (see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 663).
Therefore, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference should have been denied. We need not reach the defendants' remaining contention, which, in any event, is not properly before us.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court