Wells Fargo Bank, NA v Clerge (2021 NY Slip Op 05038)





Wells Fargo Bank, NA v Clerge


2021 NY Slip Op 05038


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-03322
 (Index No. 507421/13)

[*1]Wells Fargo Bank, NA, respondent,
v
Herzen Clerge, appellant, et al., defendants.


Michael Kennedy Karlson, New York, NY, for appellant.
Woods Oviatt Gilman, LLP (Reed Smith, LLP, New York, NY [Andrew B. Messite, Brenda Beauchamp Ward, and James N. Faller] of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Herzen Clerge appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Mark I. Partnow, J.), dated January 3, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated April 20, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, among other things, in effect, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
In 2013, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Herzen Clerge (hereinafter the defendant). In an order dated April 20, 2017, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, and appointed a referee to compute the amount owed to the plaintiff. On July 27, 2017, the referee issued a report, and the plaintiff moved to confirm the report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated January 3, 2019, the Supreme Court, among other things, in effect, granted the plaintiff's motion and directed the sale of the subject property.
The defendant argues, inter alia, that the Supreme Court erred in confirming the referee's report because the referee's computation was premised upon unproduced business records. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768; see Bank of N.Y. Mellon v Davis, 193 AD3d 803, [*2]804; U.S. Rof III Legal Tit. Trust 2015-1 v John, 189 AD3d 1645, 1651; Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688). Here, the affidavit executed by an employee of the plaintiff submitted for the purpose of establishing the amount due and owing under the subject mortgage loan constituted inadmissible hearsay and lacked probative value because the affiant did not produce any of the business records she purportedly relied upon in making her calculations (see U.S. Rof III Legal Tit. Trust 2015-1 v John, 189 AD3d at 1651; Nationstar Mtge., LLC v Cavallaro, 181 AD3d at 689; see generally Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Consequently, the referee's findings with respect to the total amount due under the mortgage were not substantially supported by the record (see U.S. Bank N.A. v Calabro, 175 AD3d 1451; Citimortgage, Inc. v Kidd, 148 AD3d at 768-769). Accordingly, we reverse the order and judgment of foreclosure and sale, deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and remit the matter to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court