JPMorgan Chase Bank, N.A. v Deblinger (2022 NY Slip Op 00410)





JPMorgan Chase Bank, N.A. v Deblinger


2022 NY Slip Op 00410


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2018-00923
 (Index No. 11203/12)

[*1]JPMorgan Chase Bank, National Association, appellant, 
v
Sarah Deblinger, respondent, et al., defendants.


Fein, Such & Crane, LLP (D.J. & J.A. Cirando, PLLC, Syracuse, NY [John A. Cirando, David P. Case, and Rebecca L. Konst], of counsel), for appellant.
Menashe & Associates LLP, Montebello, NY (Shoshana Schneider of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated May 24, 2016. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sarah Deblinger, to strike that defendant's amended answer, to amend the caption to substitute Bayview Loan Servicing, LLC, as the plaintiff in the action, and for an order of reference.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to amend the caption to substitute Bayview Loan Servicing, LLC, as the plaintiff in the action, and by substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Sarah Deblinger.
On May 30, 2012, the plaintiff commenced this action against the defendant Sarah Deblinger (hereinafter the defendant), among others, to foreclose a consolidated mortgage on certain residential property in Brooklyn (hereinafter the premises). The defendant interposed an answer dated July 11, 2012, which was rejected by the plaintiff as untimely. Thereafter, in a stipulation so-ordered by the Supreme Court on August 23, 2012, the plaintiff agreed to accept the answer. By Assignment of Mortgage dated April 25, 2014, the plaintiff assigned the consolidated mortgage to Bayview Loan Servicing, LLC (hereinafter Bayview). In April 2015, pursuant to a further stipulation, the defendant interposed an amended answer, in which she asserted various affirmative defenses, including lack of standing and failure to comply with RPAPL 1304.
In June 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her amended answer, to amend the caption to substitute Bayview as the plaintiff in the action, and for an order of reference. The defendant opposed the motion. In an order dated May 24, 2016, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
"'Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689; see U.S. Bank N.A. v Fabbro, 192 AD3d 1178, 1178). Where, as here, a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see U.S. Bank N.A. v Fabbro, 192 AD3d at 1178; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684).
Contrary to the defendant's contention, the plaintiff established, prima facie, its standing to commence the action by demonstrating that a copy of the consolidated note, endorsed in blank, was annexed to the complaint (see Ditech Fin. v Naidu, 198 AD3d 611; HSBC Bank USA, N.A. v Desir, 188 AD3d 657, 659). In opposition, the defendant failed to raise a triable issue of fact as to the plaintiff's standing.
However, the plaintiff failed to establish, prima facie, the defendant's default in payment under the terms of the consolidated note and mortgage. "A default is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form" (Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208). Here, in attempting to establish the defendant's default in payment, the plaintiff relied on the affidavit of Jessica Fernandez, an assistant vice president of Bayview, the plaintiff's assignee. Fernandez averred, based on her review of Bayview's business records and her familiarity with Bayview's "record keeping systems," that the defendant "breached her obligations under the Mortgage by failing to successfully tender funds for the December 1, 2010 payment and all successive payments thereafter." Fernandez annexed to her affidavit a payment history titled "Chase Detailed Transaction History," which covered the period March 1, 2006, through April 30, 2013, i.e., prior to Bayview's acquisition of the loan, and set forth that the loan was due for the December 1, 2010 payment. Thus, the payment history was a record made by Chase, not Bayview. However, Fernandez did not attest that she was personally familiar with Chase's record-keeping practices and procedures (see Deutsche Bank Trust Co. Ams. v Blount, 171 AD3d 703, 704) or that records provided by Chase were incorporated into Bayview's records and routinely relied upon by Bayview in its own business (see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1311). Thus, Fernandez failed to lay a proper foundation for the admission of the payment history and her assertions based on that record were inadmissible (see Deutsche Bank Trust Co. Ams. v Blount, 171 AD3d at 704).
The plaintiff also failed to establish, prima facie, its strict compliance with RPAPL 1304. RPAPL 1304 provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1]). "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; see U.S. Bank N.A. v Cope, 175 AD3d 527, 529).
In support of its motion, the plaintiff submitted a copy of a 90-day notice from the plaintiff, addressed to the defendant at the premises address. However, the notice, as it appears in the record, does not include the list of at least five housing agencies that served the region where the defendant resided (see US Bank N.A. v Gurung, 196 AD3d 617, 618; CV XXVII, LLC v Trippiedi, 187 AD3d 847, 850; USBank N.A. v Haliotis, 185 AD3d 756, 758). Moreover, the plaintiff failed to submit proof of the actual mailing of the notice, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21).
Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied those branches of its motion which were for [*2]summary judgment on the complaint insofar as asserted against the defendant, to strike her amended answer, and for an order of reference.
However, the Supreme Court should have granted that branch of the plaintiff's motion which was to amend the caption to substitute Bayview as the plaintiff in the action, as the plaintiff established that the consolidated mortgage and the underlying debt were validly assigned to Bayview subsequent to the commencement of the action (see Wells Fargo Bank, N.A. v Bedell, 186 AD3d 1291, 1293; Wilmington Sav. Fund Socy., FSB v Finn, 170 AD3d 1246, 1248).
The plaintiff's remaining contention is without merit.
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court