Deutsche Bank Natl. Trust Co. v Wentworth (2022 NY Slip Op 06908)

Deutsche Bank Natl. Trust Co. v Wentworth

2022 NY Slip Op 06908

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-13463
 (Index No. 4905/08)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Veedel Wentworth, appellant, et al., defendants.

Michael Kennedy Karlson, New York, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Veedel Wentworth appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 16, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated May 13, 2015, inter alia, denying certain branches of that defendant's motion which were to compel the plaintiff to comply with discovery demands, and upon an order of the same court entered November 13, 2015, among other things, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and appointing a referee to compute the amount due to the plaintiff, granted the plaintiff's motion, among other things, to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In March 2008, the plaintiff commenced this action to foreclose a mortgage executed by the defendant Veedel Wentworth (hereinafter the defendant) on certain real property in Nassau County. In an order dated May 13, 2015, the Supreme Court, among other things, denied certain branches of the defendant's motion which were to compel the plaintiff to comply with discovery demands. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion. In an order entered November 13, 2015, the court, among other things, granted those branches of the plaintiff's motion, and appointed a referee to compute the amount due to the plaintiff.
In a report dated November 30, 2018, the referee computed the amount due. The plaintiff then moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and objected to the referee's computations. In an order and judgment of foreclosure and sale, entered September 16, 2019, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
CPLR 3101(a)(1) provides "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party, or the officer, director, member, agent or employee of a party." "It is within the sound discretion of the trial court to supervise disclosure and set reasonable terms and conditions therefor, and absent an improvident exercise of that discretion, its determination will not be disturbed" (Leibowitz v Babad, 175 AD3d 639, 640; see Deutsche Bank Natl. Trust Co. v Mecca, 202 AD3d 1052, 1055). Here, the Supreme Court providently exercised its discretion in denying certain branches of the defendant's motion which were to compel the plaintiff to respond to discovery demands, since the subject demands for documents were irrelevant, overly broad, or unduly burdensome (see Leibowitz v Babad, 175 AD3d at 641; Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283, 1284), and the defendant was not entitled to compel the plaintiff to comply with his requests for admissions (see CPLR 3123[c]; 3124).
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see JPMorgan Chase Bank, N.A. v Deblinger, 201 AD3d 900, 901; Deutsche Bank Nat. Trust Co. v Brewton, 142 AD3d 683, 684). Where standing is put into issue by a defendant, the plaintiff must also prove its standing in order to be entitled to relief (see JPMorgan Chase Bank, N.A. v Deblinger, 201 AD3d at 901; Deutsche Bank Nat. Trust Co. v Brewton, 142 AD3d at 684). Here, the defendant, by stipulation, specifically waived the defense of the plaintiff's lack of standing, and, therefore, contrary to the defendant's contention, the plaintiff was not obligated to prove its standing. Moreover, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and evidence of default on the loan (see Deutsche Bank Natl. Trust Co. v Finger, 195 AD3d 789, 791; U.S. Bank N.A. v Fabbro, 192 AD3d 1178, 1179). In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact.
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 985 [internal quotation marks omitted]; see Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937). "Alternatively, the plaintiff bears the burden of establishing, prima facie, that RPAPL 1304 is inapplicable, as the loan is not subject to the notice requirements set forth in RPAPL 1304" (U.S. Bank Trust, N.A. v Sadique, 178 AD3d at 985; see US Bank N.A. v Richard, 151 AD3d 1001, 1003). Here, the plaintiff established that RPAPL 1304 was inapplicable and that the loan was not subject to the notice requirements set forth in RPAPL 1304, since RPAPL 1304 was enacted effective September 1, 2008, and this action was commenced prior thereto in March 2008 (see L 2008, ch 472, § 2).
The defendant waived any defense based upon the plaintiff's failure to comply with the condition precedent set forth in the mortgage requiring a notice of default, since the defendant did not raise that defense in his answer (see CPLR 3015[a]; US Bank, N.A. v Rufai, 202 AD3d 716, 718-719; U.S. Bank, N.A. v Onuogu, 188 AD3d 756, 758; US Bank N.A. v Quacoe, 174 AD3d 832, 833-834). Contrary to the defendant's contention, the allegations in the complaint were not such that a general denial was sufficient to place the plaintiff's compliance with the condition precedent in issue (cf. Allis-Chalmers Mfg. Co. v Malan Constr. Corp., 30 NY2d 225, 233). In any event, the defendant does not contest that he was served with a notice of default, and he failed to establish that the notice of default was defective and not in compliance with the relevant provision of the mortgage agreement (see Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883, 887).
Contrary to the defendant's contention, under the circumstances of this case, the referee was not required to conduct a hearing before issuing the report (see Nationstar Mtge., LLC v Paganini, 191 AD3d 790, 794; Wachovia Mtge. Corp. v Lopa, 129 AD3d 830, 831). The record reflects that a notice of computation provided that, if the parties had objections, they were to submit written objections to the referee by a certain date, and that it was in the discretion of the referee to determine whether a hearing was warranted. As the defendant did not submit written objections by that date, the referee did not err in summarily reaching her computations (see MTGLQ Invs., L.P. v [*2]Thompson, 188 AD3d 1483, 1484; cf. Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 629, affd 25 NY3d 355).
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768; see Wells Fargo Bank, NA v Clerge, 197 AD3d 1262, 1263). Here, the record fails to support the defendant's contention that the referee's findings with respect to the total amount due were not substantially supported by the record (cf. Wells Fargo Bank, NA v Clerge, 197 AD3d at 1263).
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court