M&T Bank v Bonilla (2023 NY Slip Op 01989)

M&T Bank v Bonilla

2023 NY Slip Op 01989

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-05763
 (Index No. 9314/15)

[*1]M & T Bank, respondent, 
v
Derlin Bonilla, appellant, et al., defendants.

Gail M. Blasie, P.C., Garden City, NY, for appellant.
Woods Oviatt Gilman, LLP, Rochester, NY (Cassie T. Doran of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Derlin Bonilla appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 27, 2019. The order and judgment of foreclosure and sale, upon an order of the same court entered December 5, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, striking the answer and affirmative defenses of that defendant, and for an order of reference, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff in accordance herewith.
The plaintiff commenced this foreclosure action against the defendant Derlin Bonilla (hereinafter the defendant), among others, to foreclose a mortgage secured by real property located in Uniondale. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference. The defendant opposed the motion. In an order entered December 5, 2017, the Supreme Court granted the motion.
Thereafter, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. By order and judgment of foreclosure and sale entered August 27, 2019, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
A plaintiff establishes its standing to maintain a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1174). The plaintiff meets this burden with proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to it prior to the commencement of the foreclosure action (see UCC 1-201[b][21][A]; 3-202[1]; 3-204; Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank [*2]Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Here, contrary to the defendant's contention, the plaintiff established, prima facie, its standing to commence the action by attaching a copy of the note, together with an allonge specifically endorsed to its order by the original lender, to the summons and complaint (see Wilmington Sav. Fund Socy. v Theagene, 201 AD3d 1015, 1016). In opposition, the defendant failed to raise a triable issue of fact.
Contrary to the defendant's further contention, the failure of the referee to conduct a hearing does not require reversal of the order and judgment of foreclosure and sale in this matter since the defendant had the opportunity to submit relevant evidence to the Supreme Court (see Hartford Funding, Ltd. v Harris, 193 AD3d 1035, 1036; Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770).
Nevertheless, a referee's computations based on the "review of unidentified and unproduced business records . . . constitute[ ] inadmissible hearsay and lack[ ] probative value" (Wells Fargo Bank, NA v Oziel, 196 AD3d 618, 621; see Hudson City Sav. Bank v DePasquale, 189 AD3d 1558, 1561). Here, the referee based his calculations upon documentary evidence submitted by the plaintiff, including the note and mortgage, as well as an affidavit of amount due and owing, submitted in support of the motion to confirm the referee's report. However, the affidavit of amount due and owing does not identify the business records upon which the affiant relied in order to compute the total amount due on the mortgage, and there are no such records annexed thereto. Consequently, the referee's findings in that regard were not substantially supported by the record (see Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 946; Christiana Trust v Campbell, 202 AD3d 750, 751).
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff in accordance herewith.
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court