First Commerce Bank v B&T Hillel, LLC (2025 NY Slip Op 04879)

First Commerce Bank v B&T Hillel, LLC

2025 NY Slip Op 04879

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2022-00898
 (Index No. 614016/20)

[*1]First Commerce Bank, respondent, 
v
B & T Hillel, LLC, appellant, et al., defendants (and a third-party action).

Kennedy Lillis Schmidt & English, New York, NY (John T. Lillis, Jr., of counsel), for appellant.
Cole Schotz, P.C., New York, NY (Michael C. Klauder and Brian P. Matthews of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant B & T Hillel, LLC, appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated January 11, 2022. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3124 to compel the plaintiff to produce certain documents and to produce a witness for a continued deposition.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied that branch of the motion of the defendant B & T Hillel, LLC, which was pursuant to CPLR 3124 to produce a witness for a continued deposition is deemed an application for leave to appeal from that portion of the order and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2020, the plaintiff commenced this action against the defendant B & T Hillel, LLC (hereinafter B & T), among others, inter alia, to foreclose a mortgage securing certain real property located in Hempstead. The plaintiff alleged, among other things, that B & T failed to make the monthly payment due in June 2019, and every month thereafter.
In November 2021, B & T moved pursuant to CPLR 3124 to compel the plaintiff to produce certain documents specified in B & T's request for production of documents dated May 10, 2021, under items 12, 19, and 20 thereof, which concerned, inter alia, the plaintiff's involvement in the financing and sale of a property located at 1988 Ocean Parkway in Brooklyn that was owned by 1988 Ocean Parkway Holding, LLC. B & T also moved pursuant to CPLR 3124 to compel the plaintiff to produce its executive vice president and chief credit officer, Peter Cappello, for a continued deposition, after the plaintiff's counsel directed Cappello not to answer questions posed to him concerning the 1988 Ocean Parkway property transaction during his deposition. The plaintiff opposed the motion. In an order dated January 11, 2022, the Supreme Court, among other things, denied B & T's motion. B & T appeals.
Pursuant to CPLR 3101(a), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "'[T]he words, "material and necessary," are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity'" (Forman v Henkin, 30 NY3d 656, 661, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "'However, a party is not entitled to unlimited, uncontrolled, unfettered disclosure'" (Smith-Percival v MTA Bus Co., 232 AD3d 928, 929, quoting C.B. v New York City Tr. Auth., 219 AD3d 1397, 1398). "The essential test is 'usefulness and reason'" (Rrengo v New York City Tr. Auth., 204 AD3d 1049, 1050 [internal quotation marks omitted], quoting Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746; see Allen v Crowell-Collier Publ. Co., 21 NY2d at 406). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court" (Smith-Percival v MTA Bus Co., 232 AD3d at 929 [internal quotation marks omitted]).
A party moving pursuant to CPLR 3124 to compel compliance with outstanding discovery demands bears the burden of demonstrating that "'the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims, and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy'" (Smith-Percival v MTA Bus Co., 232 AD3d at 929, quoting Whitnum v Plastic & Reconstructive Surgery, P.C., 142 AD3d 495, 496). Thus, "[a] motion to compel responses to . . . [discovery] demands . . . is properly denied where the [discovery] demands . . . seek information [which] is irrelevant, overly broad, or burdensome" (Orange & Rockland Utils., Inc. v County of Rockland, 206 AD3d 668, 668-669 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Wentworth, 211 AD3d 684, 686).
Here, the Supreme Court providently exercised its discretion in denying that branch of B & T's motion which was pursuant to CPLR 3124 to compel the plaintiff to produce certain documents related to the 1988 Ocean Parkway property transaction. B & T failed to meet its burden to demonstrate that its demands for discovery, which related to a sale transaction between nonparties involving property not at issue in this case, were relevant to this case within the meaning of CPLR 3101(a) (see Deutsche Bank Natl. Trust Co. v Wentworth, 211 AD3d at 686).
The Supreme Court also providently exercised its discretion in denying that branch of B & T's motion which was pursuant to CPLR 3124 to compel the plaintiff to produce Cappello for a continued deposition in order to answer questions concerning the 1988 Ocean Parkway property transaction. Contrary to B & T's contention, a further deposition of this witness was not warranted, since the unanswered questions related to the 1988 Ocean Parkway property transaction (see 22 NYCRR 221.2[a], [c]).
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court