LNV Corp. v Almberg (2026 NY Slip Op 00886)

LNV Corp. v Almberg

2026 NY Slip Op 00886

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-00650
2024-00651
 (Index No. 64503/14)

[*1]LNV Corporation, respondent, 
vWinston Almberg, et al., appellants, et al., defendants.

Rosenberg & Estis, P.C., New York, NY (Christopher A. Gorman and John Muldoon of counsel), for appellants.
Stein, Wiener & Roth, LLP, Westbury, NY (Gerald Roth of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Winston Almberg and Tara Almberg appeal from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated November 6, 2023, and (2) an order and judgment of foreclosure and sale (one paper) of the same court also dated November 6, 2023. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, upon two orders of the same court, both dated January 10, 2023, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Winston Almberg and Tara Almberg and for an order of reference, granted the same relief to the plaintiff as the order dated November 6, 2023, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated November 6, 2023, is dismissed; and it is further,
ORDERED that order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Winston Almberg and Tara Almberg and for an order of reference and the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the orders dated January 10, 2023, and the order dated November 6, 2023, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Winston Almberg and Tara Almberg.
The appeal from the order dated November 6, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see id.).
In June 2014, the plaintiff commenced this action against the defendants Winston Almberg and Tara Almberg (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Mount Sinai. The defendants timely answered the complaint.
In September 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated August 25, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendants' cross-motion. The defendants appealed, and this Court reversed so much of the order as granted those branches of the plaintiff's motion (see LNV Corp. v Almberg, 194 AD3d 703). This Court found that the plaintiff had failed to establish, prima facie, its standing to commence this action and its compliance with RPAPL 1304 (see id. at 704-705).
In March 2022, the defendants moved for leave to renew their prior cross-motion for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the motion.
In an order dated June 1, 2022, the Supreme Court denied the defendants' motion for leave to renew and directed the plaintiff to submit a motion for summary judgment and for an order of reference within 45 days of the entry of that order.
In July 2022, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them.
In an order dated January 10, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference and denied the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them. In a separate order of the same date, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
In June 2023, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated November 6, 2023, the Supreme Court granted the motion. In an order and judgment of foreclosure and sale also dated November 6, 2023, the court granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the property. The defendants appeal.
As an initial matter, under the circumstances herein, which include the Supreme Court's direction in the order dated June 1, 2022, that the plaintiff submit a motion for summary judgment and for order of reference within 45 days of the entry of that order, the plaintiff's second motion for summary judgment "did not offend the rule against successive motions for summary judgment" (U.S. Bank N.A. v Bravo, 238 AD3d 935, 937 [internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Novis, 200 AD3d 739, 741; Greene v Sager, 78 AD3d 777, 778). Moreover, although "[a]n appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court[ ] as well as the appellate court . . . [and] operates to foreclose re-examination of the question absent a showing of subsequent evidence or change in law, this Court's determination on [the defendants'] prior appeal from [the prior order granting the plaintiff], inter alia, [summary] judgment . . . did not resolve the issue of standing [or of compliance with RPAPL 1304]" (Central Mtge. Co. v Resheff, 200 AD3d 640, 645 [citations and internal quotation marks omitted]).
"Generally, in a mortgage foreclosure action, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence [*2]of default" (Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 871; see Wells Fargo Bank, N.A. v Mitselmakher, 216 AD3d 1056, 1057). Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, "the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" (Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d at 872). "[A] plaintiff may demonstrate its standing in a foreclosure action through proof that it was in possession of the subject note endorsed in blank, or the subject note and a firmly affixed allonge endorsed in blank, at the time of commencement of the action" (US Bank Trust, N.A. v Loring, 193 AD3d 1101, 1103; see Wells Fargo Bank, N.A. v Mitselmakher, 216 AD3d at 1057-1058). For an endorsement to constitute "a valid transfer of the underlying note," it "'must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof'" (HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 985 [emphasis added], quoting UCC 3-202). In that regard, the plaintiff submitted a copy of the complaint, attached to which was a copy of the note and allonges with endorsements (see U.S. Bank N.A. v Hunte, 215 AD3d 887, 889; M & T Bank v Bonilla, 215 AD3d 813, 814). The plaintiff also submitted an affidavit of Ralph S. Wheatly, a vice president of CLMG Corp. (hereinafter CLMG), the document custodian for the plaintiff, who stated that he had "personally examined" the business records maintained by his employer, as well as the "original documentation," and that the plaintiff was "in possession of the original indorsed Note (with Allonges firmly affixed thereto) on the date this action was commenced." In response to the plaintiff's prima facie showing of standing, the defendants failed to raise a triable issue of fact.
The defendants waived any defense based upon the plaintiff's alleged failure to comply with the condition precedent set forth in the mortgage agreement requiring a notice of default, since the defendant did not raise that defense in their answer (see CPLR 3015[a]; Deutsche Bank Natl. Trust Co. v Wentworth, 211 AD3d 684, 687). The complaint did not allege compliance with the notice requirements set forth in the mortgage agreement but only that the plaintiff "complied with all of the applicable provisions of Banking Law 595-a, and any rules and regulations promulgated thereunder, Banking Law 6-l and 6-m and RPAPL § 1304 and § 1306." Therefore, "the allegations in the complaint were not such that a general denial was sufficient to place the plaintiff's compliance with the condition precedent at issue" (Deutsche Bank Natl. Trust Co. v Wentworth, 211 AD3d at 687).
Nevertheless, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, because the plaintiff failed to establish that RPAPL 1304 notices were sent by the "lender, assignee or mortgage loan servicer" as required by that statute (id. § 1304[1]). With respect to the plaintiff's compliance with RPAPL 1304, the plaintiff submitted an affidavit from Victoria Wolff, an assistant secretary at Dovenmuehle Mortgage, Inc. (hereinafter DMI), the alleged subservicer for MGC Mortgage, Inc., the purported authorized loan servicer for the plaintiff, stating that RPAPL 1304 notices had been mailed by DMI. Attached to Wolff's affidavit was a document with the heading, "UNANIMOUS CONSENT OF THE BOARD OF DIRECTORS OF LNV CORPORATION" (hereinafter the Resolution), which sets forth a resolution of the plaintiff's board of directors regarding Wolff's appointment as an authorized signer of the plaintiff. The Resolution, stated, in relevant part, that authority was granted pursuant to a subservicing agreement dated February 19, 2010, which is not in the record. Accordingly, the Resolution itself, without the subservicing agreement, was insufficient to demonstrate that DMI possessed the authority to act on the plaintiff's behalf to establish the plaintiff's compliance with RPAPL 1304 (see Citibank, N.A. v Herman, 215 AD3d 626, 628; U.S. Bank N.A. v Tesoriero, 204 AD3d 1066, 1068).
Further, the referee's report was based upon an affidavit of Thomas Queen, an "authorized signer for LNV Corporation," setting forth the amounts due to the plaintiff. However, although the plaintiff stated that the affidavit was submitted together with the referee's oath and report, that affidavit was submitted for the first time as part of the plaintiff's reply papers and, therefore, should not have been considered in determining whether the referee's report was substantially supported by the record (see HSBC Bank USA, N.A. v Rahmanan, 194 AD3d 792, 795). In any event, the affidavit was deficient. Although Queen stated that he was "familiar with business records maintained by LNV Corporation, for the purpose of servicing mortgage loans," that these [*3]records were "made near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by LNV Corporation," and that "[i]t is the regular practice of LNV Corporation to make these records," at least a portion of those records indicate that they were not created by the plaintiff. Since Queen failed to attest to his personal knowledge of the record-keeping practices of either of those entities, or any other entity, and failed to allege that the documents that he attached to his affidavit were incorporated into the plaintiff's records and routinely relied upon by the plaintiff in its business, his affidavit did not provide a foundation for the admission of those business records (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 210).
Accordingly, we reverse the order and judgment of foreclosure and sale, deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference and the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and modify the orders dated January 10, 2023, and the order dated November 6, 2023, accordingly.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court